**\*\* E-filed March 11, 2011 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAGEX LIMITED, | No. C11-80019 MISC JF (HRL) |
| Plaintiff, | **ORDER DENYING DEFENDANTS' MOTION TO QUASH OR FOR A PROTECTIVE ORDER** |
| v. | |
| IMPULSE SOFTWARE, et al., | **[Re: Docket No. 1]** |
| Defendants. | |

Plaintiff Jagex Limited ("Jagex"), a United Kingdom-based developer and publisher of online video games, brought an action in United States District Court for the District of Massachusetts against Impulse Software, ("Impulse") and Impulse's general partners, Eric Snellman ("Eric") and Mark Snellman ("Mark") (collectively, "Defendants"). See Jagex Ltd. v. Impulse Software, et al., No. 1:10-cv-10216-NMG (D. Mass. filed Feb. 9, 2010) (the "Underlying Action"). Jagex alleges that Defendants infringed its intellectual property rights with respect to an online video game called RuneScape that is operated on Jagex's website.

In its scheduling order, the court in the Underlying Action ordered that all written discovery be served by December 31, 2010 and that all fact discovery be completed by July 8, 2011. Thus, on December 31, 2010, Jagex issued two subpoenas *duces tecum*: one to nonparty Google, Inc. ("Google") and one to nonparty PayPal, Inc. ("PayPal"), both of which are located in this District. Docket No. 13-1 ("Dannenberg Decl."), Exs. B, C. Broadly speaking, these subpoenas, which required compliance by January 21, 2011, seek documents and communications related to certain

email addresses, YouTube, Inc. accounts, and PayPal accounts associated with Defendants. Id. Google has not produced any documents, but PayPal has, and Jagex's counsel states that the PayPal documents have been maintained as "outside counsel eyes only" pending entry of a protective order in the case.[1]

For whatever reason[2], these subpoenas were not served on Google and PayPal until January 4, 2011 and notice of them may not have been provided to Defendants until January 13. Defendants (but not Google or PayPal) objected to the subpoenas and have moved this Court to quash them and/or for entry of a protective order. Docket No. 1 ("Motion"); Dannenberg Decl., Exs. F, G. Defendants argue that Jagex's subpoenas should be quashed because (A) Jagex failed to provide prior notice to Defendants in violation of Federal Rule of Civil Procedure 45(b)(1); (B) because the subpoenas were served a few days after the January 31, 2010 deadline for serving written discovery; and (C) because the subpoenas could require Google and PayPal to produce privileged and/or confidential information. And, even if the Court does not quash the subpoenas, Defendants argue that a protective order is appropriate either to prohibit Jagex from conducting discovery through these subpoenas or to allow Defendants to first review any documents produced to ensure that privileged material is not given to Jagex.

Notably, Defendants also moved the court in the Underlying Action for an order requiring Jagex to withdraw the subpoenas at issue due to their being served after the cutoff for service of written discovery. See Jagex Ltd. v. Impulse Software, et al., No. 1:10-cv-10216-NMG, Docket No. 49. That motion, which essentially seeks a protective order on the same grounds as those asserted here, has been fully briefed and is currently pending.

In light of such a similar motion having been filed in the Underlying Action, this Court will defer to that court's ruling as to the two subpoenas at issue. This Court believes that the court there

---

[1] A motion for a protective order is currently pending in the Underlying Action. See Jagex Ltd. v. Impulse Software, et al., No. 1:10-cv-10216-NMG, Docket No. 43. The parties disagree over where Jagex will make its source code available to Defendants' counsel.

[2] Jagex's counsel states that the subpoenas were not served on Google and PayPal until January 4 due to a "clerical oversight" and that Defendants did not receive notice of the subpoenas until January 13 due to inadvertence. Dannenberg Decl. ¶¶ 4, 6. Defendants argue that Jagex's counsel was trying to hide the fact that Jagex had subpoenaed Google and PayPal to keep Defendants from objecting. Docket No. 1 at 6.

— which set the discovery-related deadlines involved here — is in the best position to resolve Defendants' objections and to determine an appropriate remedy, if any. This is especially true where neither Google nor PayPal objected to the subpoenas and where there is a pending motion for a protective order. See Dannenberg Decl, Ex. J at 2 (in denying a similar motion, a court in the Middle District of Florida noted that "[t]he nonparty has not asserted objections in this Court" so "this is not a circumstance in which consideration of the objections by the forum court would unduly burden the out-of-district nonparty to whom the subpoena was issued").

Accordingly, the Court DENIES Defendants' motion.[3] Jagex shall file a copy of this order in the Underlying Action and provide a copy of this order to Google and PayPal. Further, Google and PayPal are instructed not to produce documents responsive to these subpoenas unless and until ordered to do so by the court in the Underlying Action.

**IT IS SO ORDERED.**

Dated: March 11, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[3] Pursuant to Civil Local Rule 7-1(b), the Court finds the matter suitable for determination without oral argument, and the March 15, 2011 hearing is vacated.

**C11-80019 JF (HRL) Notice will be electronically mailed to:**

| | |
|---|---|
| Amber Neilson Davis | adavis@iplawfl.com, bmahan@iplawfl.com |
| Ina Doung-May Chang | ichang@shb.com, dcampos@shb.com, rdarmstadt@shb.com, SFDISTRIBUTION@shb.com |
| Matthew P. Vafidis | mvafidis@hklaw.com, myrna.yee@hklaw.com, sharon.edwards@hklaw.com |
| Ross A. Dannenberg | rdannenberg@bannerwitcoff.com |
| Terry Marcus Sanks | tsanks@iplawfl.com, bmahan@iplawfl.com |
| Tianjing Zhang | tiana.zhang@hklaw.com, beverley.huppert@hklaw.com, robert.jimenez@hklaw.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

4